M. C. COUGHLON, Appellee, v. ALVA PEDELTY, Appellant.

No. 40429.

NOVEMBER 18, 1930.

R. W. *Zastrow* and T. A. *Beardmore,* for appellant.

J. E. *Williams,* for appellee.

GRIMM, J.—On the 19th of August, 1929, the plaintiff filed in the district court of Floyd County, Iowa, his petition at law, seeking to recover from the defendant the sum of $3,000 and interest, which sum is alleged to be due on an oral contract claimed to have been entered into on the 7th day of May, 1929, wherein the plaintiff agreed to act as attorney for the defendant in the collection of damages from Jacob E. Decker & Sons, a corporation, and its officers, because, in substance, it is claimed that said officers had previously, without disclosing the market value thereof, secured from the defendant, Pedelty, an exchange of stock, to the detriment of the said Pedelty. It is claimed that by the terms of the oral contract Coughlon was to receive 50 per cent of the recovery. It is claimed that the plaintiff secured an agreement on the part of the officers of said corporation to pay Pedelty the sum of $6,000, and that Pedelty agreed to said adjustment, but subsequently thereto, and without accepting the said $6,000 or his proportionate share thereof, Pedelty refused to close the transaction.

By a substituted answer, filed December 17, 1929, Pedelty interposed, first, a general denial; second, an allegation that the services rendered were of no value, as the plaintiff did not exercise proper and reasonable diligence, skill, and care in negotiating a settlement; third, that the offer of settlement of $6,000 was insufficient and unreasonable, and was not the highest and best settlement obtainable, and that no settlement was in truth and in fact made; fourth, that the plaintiff solicited the employment, and represented that the services for making the collection would be reasonably worth 50 per cent of the amount collected, and that the plaintiff either knew or should have known that the defendant's claim against the officers of the Decker company could have been collected with little or no effort; and that Pedelty had no knowledge of the value of said claim and how readily the same could have been collected; and that "the said purported agreement as alleged by the plaintiff was fraudulent, unfair, unreasonable, and unconscionable."

The appellant sets up 36 alleged errors relied upon for reversal. All but five of these alleged errors pertain to the exclusion and introduction of testimony.

I. Briefly stated, the record in this case shows that the plaintiff, Coughlon, a lawyer residing in Mason City, Iowa, about

46 years of age, and a justice of the peace, was asked by J. M. Pedelty, plaintiff's constable, on May 7, 1929, if he didn't want to take a ride. The constable was starting for the purpose of serving a notice on one Colta, living not far from the defendant's farm. The plaintiff and his constable stopped at defendant's farm, where the constable had a conversation with the defendant in reference to replacing a monument on a family lot. It appears that the constable also wished to inquire of the defendant concerning the whereabouts of the man Colta.

It appears from the record that, sometime prior thereto, the officers of the Jacob E. Decker & Sons, Incorporated, had entered into an exchange of stock with the defendant, Pedelty. Similar exchanges had been made with other stockholders. An attorney at Mason City, named Ontjes, had started some litigation involving the other stock exchange transactions. There were rumors to the effect that the said exchanges of stock, owing to the advance secret information of the officers of the company, were unfair, and that these minority stockholders to whom these exchanges had been made were entitled to damages by reason thereof.

It is the claim of the plaintiff that, at defendant's farm, on the occasion above stated, the defendant, in the presence of his cousin, the constable, entered into an oral agreement, by the terms of which the plaintiff was to seek to recover from the Decker officers damages for the defendant, Pedelty, and that it was then and there agreed that for such services the plaintiff was to have 50 per cent of the amount recovered. It appears that the plaintiff very promptly wrote a letter to the Decker company, making a demand in behalf of the defendant, Pedelty. On the following day, Attorney Clough, appearing for the Decker people, called the plaintiff for a consultation in reference to the letter and its contents, in which interview the plaintiff made demands on behalf of his client, and Clough undertook to explain why, in his judgment, the Decker officers were not liable for any damages to the defendant in this case.

It appears that the plaintiff interviewed a number of other lawyers in Mason City who were interested in this controversy which was going on between the minority stockholders and the officers of the Decker company. Finally, Clough told the plaintiff that he would recommend to his client the payment of $5,000.

It appears that the plaintiff made an examination of the law pertaining to such cases, and considered the proposed settlement, and thereafter he went to the farm of the defendant, where he related to the defendant the offer made by Mr. Clough on behalf of the Decker people. As a result of the negotiations, it is claimed, the defendant finally consented to a settlement on the basis of $6,000, and as much more as the plaintiff could recover. The plaintiff again conferred with Mr. Clough, and finally Clough consented to pay $6,000. Clough secured a check for that amount, and presented it to the plaintiff, and a receipt and release to be signed by Pedelty in exchange for the $6,000. The defendant was advised of the settlement, and was requested to come to the office of the plaintiff to sign the release. This he refused to do. Pedelty personally arranged with the Decker people for another and different settlement of $1,000 in cash and certain shares of preferred stock of the Decker company.

As previously stated, plaintiff's claim is based upon an express oral contract. There is nothing in the record to support the claim of the defendant that the plaintiff wrongfully solicited and procured the contract in controversy. In support of the defendant's claim that the contract was solicited by the plaintiff, the defendant contends that the plaintiff said to him on his farm, on the occasion hereinbefore referred to: ''Say, you traded 200 shares of common stock for 200 shares of preferred stock with Deckers?'' Defendant testified:

''I looked up at him,—it kind of surprised me where he got his information, but I didn't think it made much difference. I said, 'Yes, sir, I did.' 'Well,' he says, 'they skinned you.' I says, 'Is that so? I am pretty well satisfied with my deal.' 'Oh, yes,' he says, 'I wouldn't change the deal any, but I can get you more money.' 'Well,' I says to him, 'what would you want out of it,—about 35 per cent?' 'No,' he says, 'we get 50 per cent on a deal like this.' I says, 'You see what you can get.' ''

There is other evidence to the effect that the defendant asked plaintiff if he would take defendant's case. The appellant contends that as to this transaction the burden was upon the plaintiff to prove that he acted in good faith, and that the contract was fair, reasonable, and conscionable.

If we assume, without deciding, that, if this contract had

been entered into by and between the plaintiff and the defendant at a time when the relation of attorney and client existed, the  rule of burden for which the appellant contends would obtain, yet the rule has no application in this case, for no such relation existed between the parties prior to the making of the contract. Moreover, it clearly appears from the record that the defendant is a shrewd, experienced farmer and man of affairs. There is no showing whatever in the record to the effect that the plaintiff misrepresented the situation or failed to disclose to the defendant any information the plaintiff then had, bearing upon the situation between the defendant and the officers of the Decker company. The defendant, by objections, prevented the plaintiff from showing that the $6,000 settlement was a reasonable one. Under the record, the plaintiff was entitled to the terms of his contract or nothing. That is the way in which the controversy was submitted to the jury. The plaintiff performed his part of the contract. The defendant refused to accept the settlement which the jury was warranted in finding he had previously ratified, but by so doing he cannot deprive the plaintiff of his just reward under the contract.

The court instructed the jury that, before the plaintiff could recover, he must have satisfied the jury, first, that the oral contract was made; second, that the defendant authorized the plain-  tiff to make a settlement for $6,000, and that, prior to such authorization, the plaintiff had disclosed to the said defendant all information in plaintiff's possession as to all the material facts in the case which would or might influence the defendant in authorizing such settlement; and that, if the plaintiff failed to prove either one of said propositions, the verdict should be for the defendant; except that, if the plaintiff had not satisfactorily proven the authority to settle for $6,000, and the jury found that a settlement for $6,000 was made in good faith by the plaintiff, and that, in view of the fact that the claim was uncertain and unliquidated, and in view of the uncertainties of litigation, and all the other evidence relative thereto, the $6,000 settlement was a reasonable one, and that the defendant, in failing or refusing to accept such settlement, acted in bad faith, the verdict should be for the plaintiff. Manifestly, this placed every

burden upon the plaintiff which the pleadings, the facts, and the law require.

II. As previously stated, the appellant has set up many errors relied upon for reversal, many of which pertain to the introduction and exclusion of testimony. Several of these errors pertain to questions propounded to the plaintiff on cross-examination, in which the plaintiff was asked, in substance, what were his duties as a lawyer to his client. Manifestly, all of these questions called for the mere conclusion of the witness, and such an objection was properly sustained.

Other errors are based upon the refusal of the court to permit the introduction of papers pertaining to the settlement which the defendant himself made with the Decker people, and testimony in reference to other settlements made by other persons on similar transactions.

Error is claimed because the plaintiff was permitted, over objection, to testify to what he did in making demands on the Decker people through their attorney, Clough. This was a proper  showing on the part of the plaintiff, as a part of his main case, in his effort to prove that, in compliance with his contract with the defendant, he rendered services for the defendant in procuring the $6,000 settlement.

The entire record has been carefully read, and attention has been given to each and every one of the errors complained of by the appellant, and we find no reversible error in the record. It follows that the cause must be, and is,—*Affirmed.*

MORLING, C. J., and EVANS, FAVILLE, and KINDIG, JJ., concur.